## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JACOB R. TOMS,**  Plaintiff,  v.  **JAMES W. JONES,** *et al.*,  Defendants. | Case No. 25–cv–16363–ESK–EAP  **OPINION AND ORDER** |

  **THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Jacob R. Toms to proceed *in forma pauperis* (IFP) (ECF No. 1–3); and the Court finding,

  1. Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

  2. Plaintiff's affidavit in support of the Application sufficiently establishes his inability to pay the Court's fees.

  3. The Court shall accordingly screen the action to determine whether plaintiff's complaint (Complaint) (ECF No. 1 (Compl.)): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4.     When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5.     A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Bell Atl. Corp.*, 550 U.S. at 555.

6.     The Complaint arises out of plaintiff's arrest on October 8, 2023 in Glassboro, New Jersey.  (Compl. p.5.)  Plaintiff names various officers from the Glassboro Police Department, the Borough of Glassboro, and its prosecutor Amanda Mazzoni as defendants.  (*Id.* pp.2–4.)  Plaintiff asserts that on the date of his arrest, defendant James W. Jones unlawfully stopped his vehicle. (*Id.* p.5.)  When plaintiff refused to comply with Jones' command to fully roll down his window, Jones became aggressive.  (*Id.* p.6.)  Jones was violently screaming and attempting to break plaintiff's vehicle's window.  (*Id.*)  Other officers, including defendants William McCain and Nicholas Russo arrived at the scene, and Jones placed plaintiff under arrest.  (*Id.*)  Plaintiff's vehicle was then searched and transported to a different location.  (*Id.* p.7.)  Plaintiff was processed at the police station and issued tickets for obstruction, resisting arrest, and illegal parking.  (*Id.* p.3.)  Plaintiff notes that the parking ticket incorrectly identified that street his vehicle was parked.  (*Id.*)  Plaintiff argues that pursuant to the 42 U.S.C. §1983 and §1985 and the New Jersey Civil Rights Act, such conduct violated his First, Fourth, Fifth, and Fourteenth Amendment rights.  (*Id.* p.2.)  Plaintiff also asserts *Monell* and *respondeat superior* claims and seeks relief for negligence and malicious prosecution.   (*Id.*) Plaintiff seeks $2 million in monetary compensation for humiliation and emotional turmoil.  (*Id.* p.8.)

7.     "To state a claim under §1983, a plaintiff must allege the defendants acted under color of state law and deprived the plaintiff of a federally protected constitutional or statutory right."  *El v. Atl. City Freeholders Bd. of Comm'rs*, No. 22–06281, 2023 WL 8271768, at *4 (D.N.J. Nov. 30, 2023).  "The New Jersey Civil Rights Act is 'interpreted analogously to §1983,' so [a plaintiff's] claims under that statute rise and fall with his parallel §1983 claims."  *Id.*

(alteration in original) (quoting *Mervilus v. Union Cnty.*, 73 F.4th 185, 193 (3d Cir. 2023)). Plaintiff's federal and state civil rights claims will thus be construed under § 1983 jurisprudence.

8.   While plaintiff asserts that his First, Fourth, Fifth, and Fourteenth Amendment rights were violated, he does not explain how. Beyond alleging in a conclusory manner that defendants falsely arrested him, plaintiff fails to explain why he believes defendants lacked probable cause to arrest him. *See Groman v. Township of Manalapan*, 47 F.3d 628, 635 (3d Cir. 1995) (noting that the proper inquiry for a false arrest claim is "whether the arresting officers had probable cause to believe the person arrested had committed the offense"). Furthermore, the Complaint contains impermissible group pleadings, which fails to allege what each defendant did to violate his constitutional rights. *Foulke v. Twp. of Chery Hill*, No. 23–02543, 2024 WL 3568841, at *7 (D.N.J. July 29, 2024).

9.   Similarly, plaintiff has failed to plead the requirements of *respondeat superior* and *Monell* liability. *See Hudson v. McGlynn*, No. 24–06729, 2025 WL 262151, at *2 (D.N.J. Jan. 22, 2025) (noting that "[t]o plead a claim for relief under [§] 1983 again a municipal office, such as a police department, a plaintiff must show that the municipality implemented a policy, ordinance, regulation, or custom which caused the deprivation of that plaintiff's rights"). Plaintiff fails to allege any facts that there was such a custom, policy, or ordinance.

10.   To state a 42 U.S.C. § 1985 claim for conspiracy to deprive a person of their rights, a plaintiff must allege that the "conspiracy [was] motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Mendez v. New Jersey State Lottery Comm'n*, 532 F. App'x 41, 45 (3d Cir. 2013) (quoting *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006)). Plaintiff fails to allege such a motivation or sufficient facts to support this claim. Since no 42 U.S.C. § 1983 violations were plausibly alleged, a conspiracy under 42 U.S.C. § 1985 cannot exist.

11.   Plaintiff asserts no information in support of his malicious prosecution. "A New Jersey common law claim for malicious prosecution requires a plaintiff to establish: "(1) a criminal action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; and (4) the action was terminated favorably to the plaintiff." *Ianuale v. Keyport Twp.*, No. 15–08256, 2016 WL 5955527, at *9 (D.N.J. Oct. 13, 2016) (quoting *LoBiondo v. Schwartz*, 199 N.J. 62, 90 (2009)). To the extent this claim is brought against Mazzoni, I note that this claim is likely to be barred pursuant to Eleventh Amendment immunity. *See Henry v. Reynolds*, No. 22–05802, 2023 WL 22278, at *2 (D.N.J. Jan.

3

3, 2023); *El*, 2023 WL 8271768, at *4 (noting that Eleventh Amendment "extends to §1983 claims for damages brought against state officials in their official capacities" such as county prosecutors).

12.     Plaintiff also makes no *prima facie* showing of his negligence claim. "To prevail on a claim of negligence a plaintiff must establish four elements: (1) that the defendant owed a duty of care; (2) that the defendant breached that duty; (3) actual and proximate causation; and (4) damages." *Jovic v. Legal Sea Foods, LLC*, No. 16-01586, 2018 WL 5077900, at *2 (D.N.J. Oct. 18, 2018) (quoting *Fernandes v. DAR Dev. Corp.*, 222 N.J. 390, 403–04 (2015)).

Accordingly,

**IT IS** on this   **9th** day of **October 2025**   **ORDERED** that:

1.     The Application (ECF No. 1–3) is **GRANTED.**

2.     The Complaint (ECF No. 1) is **DISMISSED without prejudice**. Plaintiff may file an amended complaint by **November 10, 2025** addressing the deficiencies outlined above.

3.     The Clerk of the Court is directed to close this action and send a copy of this Order to plaintiff by regular mail.

          */s/ Edward S. Kiel*
          **EDWARD S. KIEL**
          **UNITED STATES DISTRICT JUDGE**